IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.  ) | No. 4:20CR00046 JM |
| ) | |
| DESHAON TERRELL ASKEW ) | |

**UNITED STATES' RESPONSE IN OPPOSITION**

The United States by and through Jonathan D. Ross, Assistant United States Attorney, and Liza Jane Brown, Assistant United States Attorney, for its Response in Opposition to Defendant's Motion for Reconsideration of Order of Detention:

1. On February 4, 2020, a federal grand jury returned an indictment against Mr. Askew charging him in Count 1 with felon in possession of a firearm, Count 2 possession with intent to distribute hydromorphone, Count 3 possession with intent to distribute morphine and Count 4 with possession of a firearm in furtherance of a drug trafficking crime. (Doc. No. 3).

2. On August 13, 2020, the Court accepted the agreement of the parties and allowed Mr. Askew to enter drug treatment. (Doc. No. 29).

3. On October 13, 2020, Mr. Askew successfully completed drug treatment and entered into chemical free living. (Doc. No. 37). On November 2, 2020, Mr. Askew failed to report for scheduled drug testing. *Id*. at 2. On January 5, 2021, Mr. Askew submitted a urine specimen which tested positive and confirmed positive for marijuana and he was discharged from chemical free living for drug use. *Id*. On January 27, 2021, Askew tested positive for marijuana. Mr. Askew admitted the allegations and the Court ordered him to enter drug treatment at the GYST house. (Doc. No. 43). On February 6, 2021, Mr. Askew was discharged from the GYST House for having an unauthorized cell phone while in treatment. (Doc. No. 44). On February 24, 2021,

1

Mr. Askew presumptively tested positive for narcotics and signed an admission. (Doc. No. 49). On March 10, 2021, the Court found Mr. Askew violated the terms and conditions of release and ordered Mr. Askew detained. (Doc. No. 54).

4. On September 29, 2021, Mr. Askew filed a Motion for Reconsideration of Detention asking the Court to reconsider Mr. Askew's detention because he was unable to comply with the requirements of the GYST House, namely his diabetes did not allow him to work and he did not break the rule in using a cell phone.  Moreover, Mr. Askew claims that the type of insulin he is receiving from the Pulaski County Detention Center is not giving him the most effective treatment. (Doc. No. 59).

5. Under Title 18, United States Code, Section 3142(f), a detention hearing may be "reopened, before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists *that was not known to the movant at the time of the hearing* <u>and</u> that has a *material bearing* on the issue of whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." (Emphasis added.)

The government opposes Mr. Askew's request for reconsideration because he has not demonstrated that the "new information" was not known to him at the time of his previous detention hearing.  Information which a defendant chooses not to present at an initial hearing does not become "new" evidence simply because it is being offered for the first time in a brief or motion. In *United States v. Dillon*, 938 F. 2d 1412 (1st Cir. 1991), the First Circuit was presented with a similar situation.  Following an order of detention, a defendant obtained new counsel and asked to reopen the detention hearing under Section 3142(f).  *Id*. at 1415.  The information the new attorney wanted to have considered included 18 affidavits from people who knew the defendant, including

statements from defendant's father, a police officer, persons who had employed appellant as a painter and friends of defendant and his family. *Id*. All of these affidavits end with the assertion that the affiant is sure that the defendant, if released, would pose no danger to the community and would return to court when ordered. *Id*. There were also seven letters appended to the motion to reopen, including one from a pastor, which generally attested to the defendant's good character. *Id*. Additionally, the defendant's father offered to post his three-family house as security. *Id*. In his own affidavit, the defendant offered to abide by any conditions set by the court if released, including maintaining full employment, observing travel restrictions, limiting contact with any specified persons and complying with curfews or "house arrest" terms. *Id*.

Locally, this issue is well-settled and has been directly discussed by the Eastern District of Arkansas. *See United States v. Eaton*, 2011 WL 6148593 (E.D. Ark. Dec. 9, 2011) ("The matter should not be reopened if the evidence was available at the time of the initial hearing."). In *Eaton*, the defendant presented a third-party custodian at his initial hearing. Following the defendant's detention, he moved to reopen the hearing based on the availability of an alternative third-party custodian. The Honorable Judge Joe. J. Volpe found that "the proposed new information Vivian Eaton now willing to serve as an alternative third-party custodian was, in fact, known and available to Mr. Eaton at the time of his hearing." *Id*. at *2.

The United States submits that the Court should deny a second detention hearing based on the fact that there is no new evidence to put before the Court. In addition, Mr. Askew did not satisfy the second part of requirements of §3142. The second part of the relevant portion of 18 U.S.C. § 3142(f) requires that the information the movant wishes to present in a second detention hearing must have "a ***material bearing*** on the issue of whether there are conditions of release that will reasonably assure ... the safety of any other person and the community." In this case, Mr.

Askew's motion did not indicate any new information that would have a material bearing on whether there are conditions of release that would reasonably assure the safety of any other person and the community.

6.       First, the evidence regarding Mr. Askew's violations at the GYST House does not contain new information.  This was brought out at the detention hearing.  Mr. Askew knew the rules and chose not to comply with them.  The choices he made had consequence of his removal from the GYST House.  Moreover, the defendant also made the choice to continue to use narcotics after being terminated from the GYST House.  Mr. Askew tested positive for narcotics when he came to court on two separate occasions, January 27 and February 24, 2021.  By Mr. Askew's own admission, he admitted that he used marijuana prior to the January 3, 2021, and again on January 15, 2021. *Id* Moreover, during the revocation hearing, Officer Glass testified that the positive tests were new use. (Doc. No. 54 at 9). At the revocation hearing, the Court found Mr. Askew violated the conditions set by that court, in that he used drugs since he was last in Court and he got kicked out of a program that the Court allowed him to go into. *Id*. at 25and 26.  None of this is new information.

8.       Finally, Mr. Askew states he has diabetes and is not able to control his diabetes with the medication he is being prescribed in the jail. (Doc. No. 59 at 5). However, it appears from Mr. Askew's commissary purchases that it could be the food he is purchasing is causing the adverse side effects of his diabetes, not the medication.  For instance, in reviewing Mr. Askew's Commissary invoices from September through October 4, 2021, he ordered the following: MS iced oatmeal, Duchess Cinnamon Roll, French vanilla cappuccino, hot chocolate, Kool aid, MS peanut butter creams, MS vanilla creams, MS orange pineapple creams, cupcakes choc cream, butterscotch discs, B.C. Summer Sausage, Ramen Shrimp, Ramen Beef, Ramen Hot & Spicy Veg,

various types of potato chips, Mayo, Flour Tortillas, and Refried Beans. *Exhibit A*. According to the Mayo Clinic, a diabetes diet should include healthy carbohydrates such as fruits, vegetables, whole grains, legumes, such as beans and peas, and low-fat dairy products, such as milk and cheese.   https://www.mayoclinic.org/diseases-conditions/diabetes/in-depth/diabetes-diet/art-20044295. Persons with diabetes should avoid trans fats found in processed snacks, baked goods, shortening and stick margarines. *Id.* It appears from Mr. Askew's purchases, that one contributing factor to his lack of ability to control his diabetes stems from the food he is purchasing through his commissary account and this is of his own making.

In his motion for reconsideration, Mr. Askew presents no new information. Instead, he requests that he be released to a treatment facility, a request that was made and granted by this Court. The defendant has already demonstrated, and the Court found, that he is unwilling and unable to follow the most stringent pretrial conditions. He should not be permitted a third bite at the apple.

Therefore, the United States respectfully requests that the Defendant's motion for reconsideration of bond be denied.

Respectfully submitted,

JONATHAN D.ROSS
ACTING UNITED STATES ATTORNEY

By: LIZA JANE BROWN
Assistant United States Attorney
Bar Number 2004183
Post Office Box 1229
Little Rock, Arkansas 72203
501-340-2600
Liza.Brown@usdoj.gov