UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No. 4:20-cr-46-JM-1 |
| | ) | |
| DESHAON ASKEW | ) | |

# RESPONSE IN OPPOSITION TO MOTION FOR
# UPWARD DEPARTURE AND UPWARD VARIANCE

The Court should decline the invitation to sentence Askew to a term of imprisonment greater than 46 months. The Government provides inadequate reason to double the top of the Guidelines range. Insofar as the Government seeks parity with the sentence Askew received for an earlier § 922(g) conviction, that earlier conviction had its own particular facts to justify the Guidelines calculation there. The lower Guidelines range here is justified by different facts. And insofar as the Government relies on criminal conduct committed in Askew's teens and twenties, those offenses are too far removed, both in time and in context, to justify an upward departure or variance. Askew's more recent past suggests that he has calmed considerably, though he needs help dealing with a drug addiction. He has taken affirmative steps at betterment while in pretrial detention. An extra four years' incarceration is not necessary.

1

**Askew's background.** As indicated at paragraph 56 of the PSR, Askew was raised under difficult circumstances in Chicago. Though Askew characterizes his parents as "spoiling" him, they routinely used drugs in front of him, dealt drugs, and let him run away from home as a ten-year-old. Askew began using marijuana himself during puberty (¶ 61). As the Government points out, he was on the street committing crimes by his teens. Many of these crimes—including the twenty-five-year-old aggravated battery charge that the Government stresses—were gang related. Askew has long since left that gang lifestyle behind.

In 2006, when he was 30, Askew was convicted for a federal felon-in-possession offense. He was in prison for that offense and a related revocation until 2014. His record since that time is not perfect, but it is much improved. Most of his troubles, apart from the instant offense, have related to marijuana. In 2014, soon after his release on the federal charges, Askew was convicted of misdemeanor domestic violence against his then-wife. He had no other offenses until 2017, when he was arrested for marijuana possession. After being arrested for the instant offense in 2018, he was out on bond for approximately two years without incident. But he relapsed in January 2021 after the death of his mother. He began using again while in Chicago for the funeral. His pretrial release was consequently revoked.

Askew has been in Arkansas since 2017. He came here in the hope of living a quieter life. He has not been able to escape his drug habit and that has contributed to his trouble. Askew regrets the conduct that has caused him to appear before this

Court. He intends this to be the last time he is in legal trouble. He knows that, as a bad diabetic in his mid-forties, he does not need any more involvement with jail or prison. To his credit, he has made affirmative efforts at self-improvement since his pretrial release was revoked. He successfully participated in the C.S.I. program at the Pulaski County Jail from May to October 2021. *See* Attachment 1.

**An upward departure is unwarranted.** The Government offers several reasons for departing from criminal history category V to criminal history category VI under U.S.S.G. § 4A1.3. First, it points to the convictions listed at PSR paragraphs 26 and 28 as "evidence of similar criminal conduct to the offense in this case." Mot. at 5. Paragraph 26 describes an incident in which an 18-year-old Askew fled from the police and was subsequently found to possess a shotgun "due to an ongoing gang war." Paragraph 28 describes an incident in which a 20-year-old Askew shot someone in the buttocks, thigh, and calf; though not stated in the PSR, this incident was also gang-related. Obviously, Askew possessed a gun in 2018 also, but he did not try to flee the police and he is no longer involved in a gang. Increasing the criminal history category to account for these long-ago convictions is not warranted.

The Government also argues that a sentence within the Guidelines "creates a disparity for the same offense he committed in 2006 in the United District Court Central District of Illinois felon in possession of a firearm case." Resp. at 5. But a purported need for parity is not a legitimate departure factor. A departure may be based on "the seriousness of the defendant's criminal history or the likelihood that

3

the defendant will commit other crimes." § 4A1.3(a)(1). Parity with an earlier sentence goes to neither factor. Askew has already been punished for the 2006 felon-in-possession offense and his current criminal-history score accounts for that offense.

Moreover, even if it were permissible to factor in the 2006 sentence, there is no true disparity because the earlier sentence was driven by factors that aren't present here. In 2006, Askew possessed a type of weapon—a sawed-off shotgun—that is more highly regulated and that carries a higher offense level under the Guidelines than the pistol Askew possessed here. And the 2006 offense involved an additional two-level enhancement, not present here, for issuing a threat. In this case, the police searched Askew's house and found a gun in a closet. There is no need to match the sentence for this offense to the sentence for the 2006 offense because the offense conduct does not match.

Finally, the Government argues that the Court should depart because Askew will likely commit additional crimes. Most relevantly, the Government points to infractions while on pre-trial release. These infractions are not substantial enough to justify a finding that Askew will commit new crimes. He admits that he has a drug problem and that he relapsed after his mother's death. This caused him to lose his liberty pending trial. But other than his drug use, the Government has identified no criminal conduct during the approximately two years he was on release after the offense conduct in 2018. In short, Askew is not the same person he was in Chicago. Potential for new crimes does not justify an upward departure (or variance).

**A Guidelines sentence is sufficient but not greater than necessary.** In addition to asking for a departure to criminal history category VI, which would make the top end of the Guidelines range 51 months after acceptance, the Government ask for a variance that would imprison Askew for nearly four additional years. Regardless of how the Court rules on the request for a departure, the Government has not provided adequate support for a variance.

*Nature and circumstances of the offense.* The undisputed facts in this case are straightforward: the police executed a search warrant at Askew's home and uncovered a pistol, ammunition, approximately three grams of marijuana, and vials containing hydromorphone and morphine. These facts are not extraordinary and do not cry out for an above-Guidelines sentence.

The Government includes in its statement of facts a description of conduct alleged to have occurred five days before execution of the warrant (Resp. at 2). But as the Government later acknowledges in its analysis of the § 3553 factors, these facts are disputed. The Government does not appear to rely on these alleged facts in its request for a variance and they should not factor into the Court's analysis.

*Askew's history and characteristics.* Askew has already discussed this factor at length. Though the Government attempts to portray Askew as a consistent recidivist into his forties, a closer look at his history shows a more limited criminal history over the past eight years. Likewise, the Government's argument that Askew "has been arrested on separate charges fifteen times and has a pending felony case" (Resp. at 9) looks less

5

impressive under scrutiny. The "pending felony case," discussed at paragraph 53 of the PSR, concerns the disputed incident referenced above. Presumably when the Government says that Askew has been "arrested on separate charges fifteen times," it references "other criminal conduct" discussed at PSR paragraphs 38 to 51. Of the fourteen arrests listed there, the last two arise from Askew's earlier federal offense and the instant offense. The remaining twelve arrests are all at least sixteen years old, and half occurred in Askew's teens.

In short, examination of the arrests confirms what Askew has established above—that he has had few run-ins with the law over the past eight years. His earlier criminal history is largely a product of his upbringing in a poor environment far removed from his current home in Arkansas. A Guidelines sentence is sufficient to account for Askew's history and characteristics.

*Need for sentence to protect public, promote respect for law, and afford adequate deterrence.* As already discussed, Askew is less likely to reoffend than the Government suggests. His most recent offenses and violations arise from and are connected to his problem with marijuana. It is appropriate that Askew be sentenced in a manner that is consistent with other felons who have been found with firearms. A Guidelines sentence will keep Askew in prison until around fifty, and he will remain on supervised release after that. A sentence of three to four years plus three years' supervision is not lax. It will adequately protect the public and it sufficiently punishes Askew.

*****

In sum, Askew acknowledges that he has a criminal history. But most of that history occurred long ago and arose from circumstances far removed from his life in Arkansas today. There are mitigating factors in his upbringing. Yes, he has abused drugs in the recent past. But he does not have an excessive criminal history since he moved to Arkansas, and his recent history does not suggest that an above-Guidelines sentence is warranted. Rather, a sentence within the Guidelines range is sufficient but not greater than necessary to comply with the purposes of punishment.

WHEREFORE, Askew respectfully requests that the Court deny the Government's motion for an upward departure and variance and that it sentence him to no more than 46 months' imprisonment and no more than three years' supervised release.

Respectfully submitted,

LISA G. PETERS
FEDERAL DEFENDER

By:   John C. Williams, ABN 2013233
      Assistant Federal Public Defender
      Federal Public Defender's Office
      1401 West Capitol Avenue, Suite 490
      Little Rock, AR 72201
      (501) 324-6113
      john_c_williams@fd.org

*Counsel for Deshaon Askew*